IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY FOSTER,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-816-jdp

---

Plaintiff Gary Foster seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Foster's motion for summary judgment on November 23, 2015. For the reasons stated more fully at the hearing, the court will remand this case to the Commissioner for further proceedings.

Foster has degenerative disc disease in both knees, and the critical issue is how long he can be on his feet. Foster argues that the ALJ erred by rejecting his contention that he could stand for no more than four hours a day on a full-time basis. Foster contends that if the ALJ had accepted the four-hour standing limitation, then he would be limited to sedentary work, as described in the vocational expert's (VE) testimony. R. 53.[1] Given his age, Foster would then be considered disabled. *See* 20 C.F.R 404 Subpart P, Appendix 2.

The ALJ did not build an accurate and logical bridge between the evidence of record and his conclusion that Foster could stand for six hours of an eight-hour day, five days per week. The ALJ made inconsistent statements about Foster's credibility, first stating that

---

[1] Record citations are to the administrative transcript, located at Dkt. 7.

Foster was "not entirely credible for the reasons explained in this decision," R. 23, and later giving Foster "full credit" for his testimony "that he could probably be on his feet for up to six hours in an eight-hour day," R. 24. It is therefore unclear whether, and how, the ALJ discredited Foster's reports of his own limitations. Also, the ALJ did not accurately reflect Foster's testimony in his decision. The ALJ asked Foster how long he was able to sit *or* stand during an eight-hour day. Foster responded that he could sit or stand for six hours total, but that he could not stand for six hours, five days in a row. R. 46-47. Because the ALJ's reasoning on this point is inconsistent and hard to follow, he has failed to build an accurate and logical bridge to support his credibility determination. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended*, (Dec. 13, 2000). His credibility determination is therefore patently wrong. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013).

The ALJ also erred in weighing the medical opinions regarding Foster's ability to stand. Ward Jankus, MD, examined Foster and opined that Foster's self-assessment that "he could get away with total on his feet . . . in the range of 4 to maybe 6" hours in an eight-hour day was "pretty realistic." R. 308-10. The ALJ gave this opinion "considerable weight." R. 25. Pat Chan, MD, opined that Foster could do light work with some additional limitations and concluded that Foster could stand for six hours a day. The ALJ credited Dr. Chan's opinion over Dr. Jankus's opinion, giving it "great" weight. *Id.*

All else being equal, Dr. Jankus's opinion would generally be entitled to greater weight than Dr. Chan's because he actually examined Foster. *See* 20 C.F.R. § 404.1527(c)(1). But the ALJ did not explain why Dr. Chan's opinion was more compelling. In fact, one of the reasons that the ALJ gave for weighing Dr. Chan's opinion favorably was that she relied "largely on Dr. Jankus's report, which . . . offers good insights into the claimant's functional

capacity." R. 25. However, Dr. Chan actually discounted Dr. Jankus's opinion because it relied "heavily on the subjective report of symptoms and limitations provided by" Foster. R. 64. The ALJ's garbled explanation does not coherently explain why Dr. Chan's opinion was entitled to greater weight than Dr. Jankus's opinion. On remand, the ALJ must clearly articulate his reasoning for weighing each medical opinion, identifying and applying the pertinent factors of § 404.1527, and thoroughly explaining the reasons he has to discredit any opinion that is based on an actual examination of the claimant.

Foster also contends that the VE lacked a proper foundation from which to testify about the number of jobs available to a person with Foster's RFC. The Seventh Circuit has expressed skepticism at the standard methodology that VEs use to calculate the number of jobs available to a particular claimant, s*ee, e.g., Voigt v. Colvin*, 781 F.3d 871 (7th Cir. 2015). This court shares that skepticism.

But Foster's criticism of the VE's methodology will have to wait for appellate precedent instructing that the use of this methodology requires remand. Foster was represented at the hearing and his representative did not challenge the numbers that the VE provided. Under current Seventh Circuit law, the ALJ is entitled to accept a VE's unchallenged conclusions unless there are apparent conflicts between the VE's testimony and the *Dictionary of Occupational Titles*. *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). A social security claimant forfeits arguments about conflicts between a VE's testimony and the DOT when the claimant is represented at the hearing and his representative fails to object. *Id.* Given the direction of recent decisions from the court of appeals, the ALJ may want to test the VE's methodology more thoroughly on remand. But the Seventh Circuit has not overruled *Overman* and its progeny. Thus, this issue is not a basis for remand.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Gary Foster's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered November 25, 2015.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge